[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12674
Non-Argument Calendar

_____

BIA Nos. A95-545-000 & A95-545-001

DAVID LOMBANA,
ELIZABETH OCHOA BELTRAN,
DAVID SEBASTIAN LOMBANA OCHOA,
TERESA ALEJANDRA LOMBANA OCHOA,
ANDREA ELIZABETH LOMBANA,

                                                    Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 13, 2007)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Petitioners David Lombana (Lombana), Elizabeth Ochoa Beltran, David Sebastian Lombana Ochoa, Teresa Alejandra Lombana Ochoa, and Andrea Elizabeth Lombana are natives and citizens of Colombia. Petitioners, through counsel, petition this Court for review of the Board of Immigration Appeals' (BIA's) April 6, 2006 order denying their second motion to reopen their removal proceedings and the BIA's July 13, 2005 order affirming the Immigration Judge's (IJ's) order of removal. Upon review, we dismiss the petition in part and deny the petition in part.

On May 6, 2002, Petitioners filed an application for asylum, withholding of removal, and relief under the Convention Against Torture, alleging persecution on account of Lombana's nationality, religion, membership in a particular social group, and political opinion. On February 27, 2004, the IJ denied Petitioners' application. On July 13, 2005, the BIA adopted and affirmed the IJ's decision. Petitioners did not seek review of the BIA's order affirming the IJ's order of removal.

Instead, on August 10, 2005, Petitioners filed with the BIA a motion to reconsider on the ground that sufficient evidence existed of persecution based on political opinion. The BIA denied the motion on September 27, 2005. Petitioners then moved the BIA to reopen their removal proceedings on October 8, 2005, alleging new information that Lombana was still being pursued. On November 21,

2005, the BIA denied Petitioners' motion. On February 6, 2006, Petitioners filed a motion requesting that the BIA remand the case to the IJ to allow Lombana to introduce new evidence that Lombana would be killed if returned to Colombia. The BIA interpreted the motion as a second motion to reopen and denied it as time- and number-barred on April 6, 2006. On May 8, 2006, Petitioners filed the instant petition for review.

As an initial matter, the Attorney General maintains this Court lacks jurisdiction to review the BIA's July 13, 2005 order affirming the IJ's order of removal because Petitioners failed to file a timely petition for review of this order. We review our subject-matter jurisdiction *de novo*. *Brooks v. Ashcroft*, 283 F.3d 1268, 1272 (11th Cir. 2002). While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. 8 U.S.C. § 1252(a)(1), (b)(1). Neither a motion to reconsider nor a motion to reopen filed with the BIA suspends the finality of the underlying BIA order or tolls the review period. *See id*; *Stone v. INS*, 115 S. Ct. 1537, 1549 (1995). This time limit is mandatory and jurisdictional. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).

In the instant case, Lombana's final order of removal was issued on July 13, 2005, when the BIA adopted and affirmed the IJ's decision. The instant petition for review was filed on May 8, 2006, more than 30 days after the date of the final

order of removal. Accordingly, we dismiss the petition as to the BIA's July 13, 2005 order for lack of jurisdiction. We have jurisdiction to review the petition for review only as to the BIA's April 6, 2006 order denying Petitioners' second motion to reopen.

We review the denial of a motion to reopen for an abuse of discretion. *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1145 (11th Cir. 1999). After the BIA has affirmed an IJ's order of removal, the alien may move to have the BIA, in its discretion, reopen the removal proceedings for the submission of new evidence. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(1). A motion to reopen shall not be granted unless it appears to the BIA that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. 8 C.F.R. § 1003.2(c)(1). Nonetheless, "the Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). "[A] party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened . . . ." 8 C.F.R. § 1003.2(c)(2). The time and numerical limitations do not apply, however, to a motion to reopen based on changed county conditions if such evidence is material and was not available and could not have been discovered or presented at the

4

previous hearing. 8 C.F.R. § 1003.2(c)(3)(ii). In addition, at any time, the BIA can reopen or reconsider, on its own motion, a case in which it has rendered a decision. 8 C.F.R. § 1003.2(a). Motions to reopen are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (quotation marks omitted).

In their second motion to reopen, Petitioners requested the case be sent back to the IJ so new evidence could be introduced that Lombana would be killed if he returned to Colombia. Petitioners attached an affidavit from Lombana's sister attesting Lombana had received threats from the FARC that caused him and his family to flee Colombia and Lombana's life would be in danger if he returned to Colombia.

The BIA did not abuse its discretion in denying Petitioners' second motion to reopen as time- and number-barred under 8 C.F.R. § 1003.2(c)(2). Petitioners had already filed one motion to reopen and their second motion to reopen was filed on February 6, 2006, well beyond the 90-day jurisdictional time limit. In their second motion to reopen, Petitioners did not argue the applicability of the changed circumstances exception to the time and numerical limitations. Further, even if we construed Petitioners' request to remand to introduce new evidence as an assertion

5

of changed circumstances, Petitioners did not present any evidence of changed circumstances. The affidavit from Lombana's sister merely repeats Lombana's previous assertions before the IJ and does not constitute new material evidence of changed circumstances that was unavailable and could not have been discovered at a previous hearing. Accordingly, we deny the petition as to this issue and dismiss the rest of the petition.

**PETITION DISMISSED IN PART AND DENIED IN PART.**